# IN THE COURT OF APPEALS OF IOWA

No. 20-0282
Filed October 20, 2021

**DEANDRE GOODE,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Des Moines County, Michael J.

Schilling, Judge.



        A twice unsuccessful applicant for postconviction relief challenges the

performance of his postconviction counsel.  **AFFIRMED.**



        Thomas Hurd of Law Office of Thomas Hurd P.L.C., Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee State.



        Considered by Tabor, P.J., and Greer and Badding, JJ.

**TABOR, Presiding Judge.**

Rejecting his alibi defense, a jury convicted DeAndre Goode of robbery in the second degree. We affirmed his conviction on direct appeal.[1] In his first appeal from the denial of postconviction relief (PCR), Goode claimed PCR trial counsel should have challenged his criminal trial counsel's failure to bolster his alibi defense with Facebook posts allegedly showing he was home during the robbery. Relying on *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018), our supreme court held that Goode could litigate the performance of PCR trial counsel by filing a second application that related back to the date he filed his first action.[2] So Goode, acting pro se, again applied for relief, alleging "there exist Facebook post, comment, and location time & date to support applicant's alibi which was never produced by prior attorneys." But once appointed, new counsel again did not offer the Facebook photos. In this second PCR appeal, Goode takes another spin on the hamster wheel. He challenges the effectiveness of his second PCR trial counsel, asking us either to preserve the claim for a third action or to grant a limited remand so Goode can offer the evidence purported to support his alibi.[3]

Because neither remedy is available to Goode, we affirm without preserving the issue for another PCR.

---

[1] *State v. Goode*, No. 13-1028, 2014 WL 3511816 (Iowa Ct. App. July 16, 2014).

[2] *Goode v. State*, 920 N.W.2d 520, 527 (Iowa 2018).

[3] Goode also proposes a third option: adopt a rule presuming he was prejudiced by PCR counsel's omission because Goode had no notice that he should submit a written brief in support of his pro se claim. Contrary to Goode's argument, his counsel's performance did not amount to structural error as occurred in *Lado v. State*, 804 N.W.2d 248, 253 (Iowa 2011) (holding Lado was constructively without counsel). Goode's counsel did not "sit silent" and allow Goode's application to be dismissed. Rather, counsel chose to raise a different issue to obtain relief. We thus decline to presume prejudice.

## I.      Facts and Prior Proceedings

In November 2012, George Petree was robbed and beaten by three men as he arrived home from grocery shopping.  The assailants took his wallet, which contained his driver's license, debit card, social security card, and his bank account number.  The next month, someone applied for a credit card in Petree's name. Investigators managed to trace the internet service where that credit card application originated to Goode's apartment.[4]   Investigators also obtained surveillance footage from a Wal-Mart store showing Goode and two companions purchasing an Xbox with the credit card taken out in Petree's name.  When police showed Petree a photo lineup, he identified Goode as the person who punched him in the face.

When questioned by investigators, Goode denied knowledge of the robbery.  Confronted with the Wal-Mart video, Goode admitted being at the store, but claimed he thought his friend, Hamb, was buying the Xbox with a gift card.

In February 2013, the State charged Goode with robbery in the second degree, in violation of Iowa Code sections 711.1 and 711.3 (2012).  At his jury trial that May, Goode presented an alibi defense.  Both he and his girlfriend testified that Goode never left his apartment the night of the robbery.  They both testified that Goode posted photographs of his daughter on Facebook that night, using the girlfriend's cell phone as a "hot spot" because Goode said he did not arrange for internet service after moving into the apartment.  The jury found Goode guilty as charged.

---

[4] The record contained conflicting evidence whether Goode lived at the apartment alone or with Marcus Hamb.

In his direct appeal, Goode challenged the sufficiency of the evidence, alleging trial counsel was ineffective for not contesting the element of specific intent to commit a theft. We held a reasonable fact finder could have determined that Goode "had, or aided and abetted another who had, the specific intent to commit a theft and in carrying out the theft committed an assault." *Goode*, 2014 WL 3511816, at *5. We preserved for PCR Goode's claims that trial counsel was ineffective for not objecting to proposed jury instructions or the mention of his willful injury conviction.

In August 2014, Goode first applied for PCR. His pro se application alleged: "There are photos and GPS location uploads documented on the social media website Facebook that place me at home with my child at the time of the robbery I was convicted of." Once appointed, Goode's counsel filed a brief alleging criminal trial counsel should have moved to exclude the photo array shown to the victim. The brief did not mention the Facebook evidence. But in denying relief, the district court did address the pro se claim: "Goode provides little explanation or argument that his Facebook evidence constitutes newly discovered evidence. . . . Because Goode has not met his burden to show that his evidence is grounds for his conviction to be vacated, his application must be denied on this issue."

On appeal from that denial, Goode claimed his PCR counsel was ineffective for failing "to present physical evidence at the PCR hearing to support the Facebook-alibi claim" and for not briefing that issue. *Goode*, 920 N.W.2d at 523. The supreme court declined "to remand the claim of ineffective assistance of postconviction counsel raised for the first time on appeal." *Id.* at 527. Instead, the court held that Goode could pursue the issue in a separate application. *Id.* Based

on *Allison*, the court held the three-year statute of limitations was "not an impediment to pursuing a second PCR application relating to the claim in this case if promptly filed following the appeal." *Id.* at 526.

About three months later, Goode, pro se, filed his second PCR application, again alleging the existence of the Facebook posts as support for his alibi defense. Still pro se, Goode amended his application a month later. Under a form heading stating, "These items are not attached for the following reasons:" he wrote, "The Facebook post are on the internet on the Facebook website."

In August 2019, second PCR counsel filed an amended application, reciting the procedural history, including first PCR counsel's failure to address the "Facebook-alibi claim." Yet when alleging the grounds for relief, counsel did not mention the Facebook evidence. Instead, the amended application claimed criminal trial counsel was ineffective in not moving to exclude "an audio recording purporting to be Goode pretending to be the victim trying to get a pin code for a debit card." Counsel closed with this proviso: "Nothing in this Amended Application for [PCR] is intended to supplant the allegations set forth in the *pro se* application for [PCR]. This Amended Application is a supplement thereto." Counsel's brief also omitted any reference to the Facebook issue.

Without holding a hearing, in February 2020, the district court denied Goode's second PCR application. The court rejected the issue raised by counsel. It also returned to Goode's pro se allegation about the Facebook evidence. After finding the posts did not qualify as newly discovered evidence, the court analyzed the claim as ineffective assistance of counsel:

> The court is unable to find that prior post-conviction counsel was ineffective for failing to present physical evidence at the first PCR hearing to support the Facebook-alibi claim or failing to argue the claim in his written brief. The court does not know what the Facebook posts show or say, and therefore Goode has failed to present any evidence to indicate that the Facebook posts would have been relevant and that his prior post-conviction counsel failed in a duty, or that any prejudice resulted.

Goode now appeals the denial of his second application for PCR, alleging for the first time that his second PCR counsel was ineffective for failing to present evidence of the Facebook photos.

## II. Standard of Review

In general, we review the denial of PCR for correction of errors at law. *Goode*, 920 N.W.2d at 523. But when the applicant alleges ineffective assistance of PCR counsel, we examine the record de novo. *Id.*

## III. Analysis

In what seems like déjà vu, Goode claims his second PCR trial counsel was ineffective "for failing to present evidence Goode's claim Facebook photos would support his alibi defense." [5] His brief contends: "it is exceptionally clear that what Goode is desiring to do is identify photos from Facebook which contain metadata including the date, time, and GPS location embedded in the photos." Yet he acknowledges the record is inadequate for us to address his claims of ineffective assistance. So he proposes two ways to proceed: (1) grant a limited remand so

---

[5] Goode argues the failure of criminal trial counsel and two PCR trial attorneys to present the Facebook evidence showed their incompetence. But the State counters: "It is at least as likely that Goode's attorneys chose not to present that evidence because it did not support Goode's alibi."

he can present this information to the district court or (2) preserve this issue for a third PCR.

The State believes neither path is open to Goode. On the possibility of a limited remand, the State points to the supreme court's holding in the first PCR appeal. "[T]he issue raised by Goode was not an issue raised and decided in the district court. It was a new issue alleging ineffective assistance of *postconviction* counsel." *Goode*, 920 N.W.2d at 526. The court held that remand would be "contrary to the symmetry of our appellate process and our role as a court of review." *Id.* Instead, the only route available to Goode was filing a second PCR action, which related back to the timely filed first action. *Id.* at 527. We agree with the State, if remand was unavailable the first time around, it is unavailable to decide the effectiveness of his second PCR counsel.

Which brings us to the possibility of preserving Goode's claim of ineffective assistance of his second PCR counsel for a third PCR action. As the State argues, this resolution is off the table for two reasons.

First, *Allison*—and *Goode* in its reliance on *Allison*—only contemplated one round of relating back to the original timely filed application. Indeed, our court has said over and over that *Allison* does not apply to third or subsequent PCR applications. *Woodberry v. State*, No. 19-1693, 2021 WL 4304232, at *1 (Iowa App. Sept. 22, 2021); *Moon v. State*, No. 19-2037, 2021 WL 610195, at *4 (Iowa Ct. App. Feb. 17, 2021); *Smitherman v. State*, No. 19-0331, 2020 WL 3571814, at *2 (Iowa Ct. App. July 1, 2020); *Long v. State*, No. 19-0726, 2020 WL 2061934, at *4 (Iowa Ct. App. Apr. 29, 2020); *Morris v. State*, No. 18-1021, 2019 WL 3714820,

at *2 n.2 (Iowa Ct. App. Aug. 7, 2019); *Kelly v. State*, No. 17-0382, 2018 WL 3650287, at *4 (Iowa Ct. App. Aug. 1, 2018).

Second, even if *Allison* applied to a third PCR action, 2019 legislation abolished the relation-back doctrine for allegations of ineffective assistance claims in postconviction proceedings. 2019 Iowa Acts ch. 140, § 34 (codified at Iowa Code § 822.3); *see Johnson v. State*, No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2021) (finding enactment abrogated *Allison*). If Goode were to file a third PCR application, it would be outside the three-year statute of limitations in Iowa Code section 822.3. The deadline was August 15, 2017—three years after procedendo issued following his direct appeal. And because he floated the Facebook claim as part of his alibi defense at trial, Goode cannot assert it was a ground of fact or law that could not have been raised in the applicable time period. *See* Iowa Code § 822.3; *see Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020) ("[E]vidence presented to support Quinn's claim of actual innocence was unquestionably available to him within the limitations period . . . .").

On this record, we decline to preserve the claim of ineffective assistance of Goode's second PCR counsel for a third PCR.

**AFFIRMED.**